STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LOUIS
BISHOP, PLAINTIFF IN ERROR.

Submitted October 16, 1925—Decided March 6, 1926.

Crimes—Sale of Intoxicating Liquor—Unlawful Possession of
Liquor—Assignments of Error and Specifications of Causes
for Reversal Intermixed—Grounds Argued All Without
Merit.

On writ of error to the Cape May County Court of Quarter
Sessions.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the plaintiff in error, *William Harris* and *James Mer-
cer Davis.*

For the defendant in error, *William H. Campbell, Jr.*

PER CURIAM.

This is an appeal from a conviction of the defendant, Louis
Bishop, in the Court of Quarter Sessions of Cape May county,
upon an indictment containing two counts, one charging the
unlawful sale of intoxicating liquors and the other the unlaw-
ful possession of intoxicating liquors. There are six "assign-
ments of error" and nine "specifications of causes for re-
versal." The assignments of error are all general in their
character, no not identify any part of the record of the case,
and, therefore, fall under the condemnation of the Court of
Errors and Appeals as expressed in the opinion filed in the
case of Cheshansky v. Insurance Companies, Nos. 37, 38 and
39 of the October term, 1925. The appellant, however, has
attempted to argue five of the "specifications of causes for
reversal," also without identification of the precise parts of
the record, which are intended to be brought up for review.

The assignments of error and the specifications of causes
for reversal are intermixed in the appellant's brief, and,

without determining the legal sufficiency of this method of consideration, we have gone over the grounds argued by the appellant, and have reached the conclusion that they are all without merit.

In the brief the first point is: Because the court erroneously and illegally permitted the witness Dacey to testify to matters which did not take place in the presence of the defendant.

Bishop, the defendant, was the owner and proprietor of a building and café and bar room in North Wildwood known as the Hotel Hereford. The place had been in earlier days an ordinary drinking saloon with the usual fixtures, the fixtures still remaining at the time of the offense. On April 26th, 1924, a number of young men drove in an automobile from Philadelphia to Wildwood and to the defendant's place of business, and it was on the evidence of these men, together with that of an employe of the defendant, that he was indicted and convicted. It appears that the party visited the place three times on the day in question, twice in the day and again at night. Bishop was at home in the day, and, possibly, at night. His bar was running with two bartenders, and the saloon was crowded when the party in question got its drinks. The place being the defendant's and the employes, as was testified, under his direction and control, it was competent to prove what was going on in the café and saloon. No identification in the record is given as to what Dacey said, but, on an examination of the specifications of causes in which his testimony is quoted, we see no cause for reversal.

The second point argued is: Because an intimation was allowed in the face of the fact that one of the members of the party alleged to have purchased intoxicating liquor died.

We are directed to page 38, line 34, page 72, line 15, and page 115, line 17, of the state of the case as a means of identification of this point, but are unable to find any trace of any testimony bearing on the subject, and, in any event, there appears to be no question raised at the trial touching the point here involved.

The third point argued is: Because the court refused to permit the witness Green to be interrogated as to his relations with the state trooper.

Again, we are pointed to no part of the record except page 73, line 13, from which it appears that a state trooper had taken dinner at Green's Hotel with some of the party who had been at the defendant's place. No objection seems to have been made to any of this testimony nor to any ruling of the court. There is nothing, therefore, in the third point.

The fourth point is: Because the court permitted the witness Rosenthal to testify as to his conclusions as to what the liquid was he received.

From the rigid cross-examination of Rosenthal by appellant's counsel, we think it was fully demonstrated that the former was quite an expert on the subject. It appears, also, that no objection was made to the qualifications of the witness.

The fifth point is: Because the verdict was contrary to the weight of the evidence.

We think the verdict was fully sustained and the judgment is affirmed, with costs.